**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**
_____

JEFFREY LAMOTHE,

                              Plaintiff,

           v.                                                       2:22-CV-220
                                                                          (TJM/CFH)

FEDERAL COURT CLERK,

                              Defendant.
_____

**APPEARANCES:**

Jeffrey Lamothe
17 Potter Ave., Apt. B
Granville, New York 12832
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION & ORDER**

      Plaintiff pro se Jeffrey Lamothe commenced this action on December 7, 2022, with the filing of a complaint and, in lieu of the Court's filing fee, an application for leave to proceed In Forma Pauperis ("IFP"). See Dkt. No. 1-1 ("IFP Application."); Dkt. No. 1-2 ("Compl."). On December 16, 2022, U.S. District Court for the District of Vermont disqualified itself pursuant to 28 U.S.C. § 445(a) and directed the case be reassigned to a U.S. District Judge in the Northern District of New York. On September 16, 2022, the case was reassigned to Senior U.S. District Judge Norman A. Mordue and the undersigned. On January 12, 2023, the case was reassigned to U.S. District Judge Thomas J. McAvoy. Presently pending before the undersigned is review of plaintiff's IFP Application and, if granted, review of the complaint pursuant to 28 U.S.C. §1915.

## I. In Forma Pauperis

After reviewing plaintiff's IFP application, Dkt. No. 1-1, the Court concludes that plaintiff financially qualifies to proceed IFP for purposes of filing.[1]  Accordingly, the undersigned proceeds to review the complaint.

## II. Complaint[2]

Plaintiff's complaint is four hand-written pages long.  At the top of the complaint, plaintiff states, "obstruction of justice" and "(1) Not filing income tax lawsuite!! [sic][,]" "(2) Not filing Social Security Lawsuite!! [sic][.]"  Plaintiff provides that he has not been "able to start processing my income tax's [sic] for the last thirteen years!" and has been "unable to pay monthly bills."  Dkt. No. 1-2 at 1.  It further states, "of this clerk negligence, within thirty day's [sic] all of my credit will be in collections, aswell [sic] as rent not being paid an [sic] lights an [sic] phone will be turned off."  Id.  The bottom of the first page of the complaint further states, "Actions taken on November 23 2022 SSI Account 8 of 8."  Id.

On the second page of the complaint, there is a title, "Motion."  Dkt. No. 1-2 at 2.  It appears that this section is a demand for relief.  It states that he seeks to be paid "the sum of all credit card's [sic] listed below, aswell as rent phone an [sic] electric, until [sic]

---

[1]  Plaintiff is advised that in forma pauperis status does not cover any costs and fees that may be associated with this matter, including, but not limited to, any copying fees that may be incurred.

[2]  Plaintiff has also filed four other cases.  At least three of the four cases appear to be related to the instant case.  Those cases, all filed in the U.S. District Court for the District of Vermont and reassigned to this Court, are 5:22-CV-161, Lamothe v. Brown (filed Aug. 31, 2022); 5:22-CV-162, Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-163, Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 22-CV-164, and Lamothe v. Cooper, et al. (filed Aug. 31, 2022).  On January 19, 2023, the undersigned issued a Report-Recommendation & Order which, in relevant part, recommended that those four cases be consolidated and that the complaint be dismissed – some claims with prejudice and some claims without prejudice.  See Lamothe v. Brown, 5:22-CV-161 (TJM/CFH), Dkt. No. 9.  The Report-Recommendation & Order for those cases is pending before the District Judge for review.

thee [sic] social security lawsuite [sic] is settled in full aswell [sic] as process all lawsuites [sic] that I've presented to thee [sic] federal courts, past, present an [sic] future at no cost to myself.  Not to cancel credit cards." Id.  Thereafter, plaintiff lists various amounts associated with what appear to be credit cards.  The final page of the complaint states, "Re; Federal Court Clerk, nit processing two accounts on November 17 2022 (1) Social Security Account, (2) Income Tax Filing." Id. at 4.

### C.  Section 1915 Review

#### 1.  Legal Standards

Section 1915(e)[3] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  It

---

[3] The language of section 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). However, courts have construed that section as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).  Accordingly, a financial assessment and, if determined to be financially qualified, an initial review of the complaint pursuant to section 1915 is required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

is well-established that "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Matheson v. Deutsche Bank Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary order) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where the plaintiff proceeds pro se, a court is "obliged to construe his pleadings liberally.") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). However, this approach "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). The Court may not "invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) .

"The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019).[4] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See

---

[4] Unless otherwise noted, copies of all unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides:
>
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

2. **Analysis**

Plaintiff's complaint fully fails to satisfy the requirements of Rules 8 and 10 of the federal rules of civil procedure.  It is essentially unintelligible.  Plaintiff provides no factual content or context such that the Court, or any potential defendants, can assess the claims plaintiff seeks to raise.  To the extent it can be discerned, it appears plaintiff wishes to sue an unspecified clerk with the U.S. District Court for the District of Vermont for failing to "process" lawsuits in November 2022.  It is not clear what plaintiff means by "process."  Further, plaintiff suggests that because this clerk did not "process" lawsuits, he has been unable to file his income taxes for thirteen years or pay his monthly bills.  The undersigned is unable to determine how a court clerk's apparent failure to file his lawsuits in 2022 prevented him from filing income taxes for thirteen years or pay his bills.  However, it is noted that, to the extent plaintiff disagrees with any act or omission of a federal court clerk, absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process."  Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).  However, given the complete lack of factual support in the complaint, the undersigned can not properly determine whether plaintiff is attempting to raise such a claim.  A complaint that fails to comply with the pleading requirements of Rules 8 and 10 "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales, 167 F.R.D. at 355. As, the Court has no ability to assess the sufficiency of the plaintiff's, dismissal is warranted.  Id.

As the Court can make out no discernable claims or sufficient facts to support any claims for relief, the complaint must be dismissed. See Twombly, 550 U.S. at 570. As this Court must provide special solicitude to pro se plaintiffs, Triestman, 470 F.3d at 475, and in light of the directive that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), it is recommended that plaintiff be provided an opportunity to amend his complaint.[5]

### III.  Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, dkt. no. 1-1, be **GRANTED** for the purpose of filing; and it is further

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1-2, be **DISMISSED without prejudice and with opportunity to amend**; and it is further

**RECOMMENDED**, that if the District Judge adopt this Report-Recommendation & Order, plaintiff be given thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order to file an amended complaint, and if plaintiff does not file an amended complaint within that time frame, the case be closed without further order of the Court; and it is

---

[5] The Local Rules of the Northern District of New York provide that an amended complaint supersedes and replaces an original pleading in all respects. See N.D.N.Y. L.R. 7.1(a)(4). Any amended complaint will replace and supersede the complaint in its entirety and, thus, must be a complete pleading containing all of the facts, allegations, parties, and legal claims that plaintiff wishes to include, except for any that have been dismissed by this Court with prejudice. See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[6]

Dated: January 27, 2023
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[6]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).