UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT
_____

JEFFREY LAMOTHE,

                        **Plaintiff,**

   vs.                                                   2:22-CV-220
                                                           (TJM/CFH)

FEDERAL COURT CLERK,

                        **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## DECISION & ORDER

The Court referred this *pro se* civil action to Magistrate Judge Christian F. Hummel for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that Defendant, named as "Federal Court Clerk," violated his rights. The Complaint is not coherent, and the basis for Plaintiff's claims is not clear. See dkt. # 2-1. Plaintiff alleges "obstruction of justice" and appears to assert that some conduct by the Clerk prevented Plaintiff from being able to "start processing my income tax for the last thirteen years" and made him "unable to pay my monthly bills." Id. He appears to seek an order from the Court directing payment to him of cash that would permit him to pay certain bills and debts and prevent closure of certain accounts. Id.

Judge Hummel's gave the Complaint an initial review pursuant to 28 U.S.C. § 1915

1

and issued a Report-Recommendation on January 27, 2023. Judge Hummel recommended that the Complaint be dismissed for failing to comply with Federal Rules of Civil Procedure 8 and 10. Judge Hummel found the Complaint "essentially unintelligible." The Complaint does not contain any factual context to help the Court or a defendant understand the nature of the claim and the legal basis for it. To the extent that Plaintiff seeks to sue a federal court clerk for actions taken as part of that clerk's official duties, Judge Hummel finds that the clerk would be entitled to immunity for such actions. In the end, however, Judge Hummel finds that the Complaint should be dismissed because "the Court has no ability to assess the sufficiency" of the claims. Because Plaintiff proceeds *pro se*, Judge Hummel recommends that Plaintiff be provided an opportunity to file an amended complaint.

Plaintiff responded to the Report-Recommendation by filing two documents. The first was a copy of the original Complaint. Compare dkt. # 1-2 and dkt. # 6. The second document contains a copy of the notice of electronic filing of a docket notation that the case had been transferred to the undersigned Judge from the late Hon. Norman A. Mordue. See dkt. # 7. The document contains a handwritten section captioned "settlement," which states "eleven hundred dollars a month, starting March 1st 2023 for the next five years at no cost to myself." Id. Another section is titled "actor," and states "thee [sic] above plus costs-costs-damages" and a word in parentheses that is not intelligible to the Court. Id.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P.

72(b)(2). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). "A district court evaluating a magistrate's report may adopt those portions of the report to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous." B&G Plastics, Inc. v. E. Creative Indus., 269 F.Supp.2d 450, 452 (S.D.N.Y. 2003) (quoting FED. R. CIV. P. 72 (b)). Courts apply the "clearly erroneous" standard "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original'" pleading. Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (quoting Edwards v. Fischer, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006)). "Clear error is present when 'upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed.'" Meimaris v. Royce, No. 18 Civ. 4363, 2019 U.S. Dist. LEXIS 164414 at *8, (S.D.N.Y. Sept. 25, 2019) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Normally, given Plaintiff's *pro se* status, the Court would consider the documents that Plaintiff filed as objections to the Report-Recommendation and undertake a *de novo* review to the parts of the Report-Recommendation to which Plaintiff objected. Here, however, the documents that Plaintiff filed do not even address Judge Hummel's findings and are so unspecific that the Court can make no sense of the arguments that Plaintiff seeks to make. Under those circumstances, the Court need not provide a *de novo* review of Judge Hummel's conclusions. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice and the Court will accept and adopt the Report-Recommendation for the reasons

3

stated therein.  Even if the Court were to provide a *de novo* review, the Court would reach the same conclusion about the sufficiency of the pleading.

Accordingly,

The Report-Recommendation of Judge Hummel, dkt. # 5, is hereby **ACCEPTED** and **ADOPTED**.  The Complaint, dkt. # 1-2, is hereby **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.**  Plaintiff shall provide an amended pleading within 21 days of the date of this order.  If Plaintiff fails to file an amended pleading within the time specified by the Court, the Clerk of Court is directed to CLOSE the case without further order of the Court.

PLAINTIFF IS REMINDED THAT NO PORTION OF HIS PRIOR COMPLAINT SHALL BE INCORPORATED BY REFERENCE INTO HIS AMENDED COMPLAINT.  ANY AMENDED COMPLAINT SUBMITTED BY PLAINTIFF MUST SET FORTH ALL OF THE CLAIMS HE INTENDS TO ASSERT AGAINST THE DEFENDANT[S] AND MUST DEMONSTRATE THAT A CASE OR CONTROVERSY EXISTS BETWEEN THE PLAINTIFF AND THE DEFENDANT[S] WHICH PLAINTIFF HAS A LEGAL RIGHT TO PURSUE AND OVER WHICH THIS COURT HAS JURISDICTION.  IF PLAINTIFF INTENDS TO ALLEGE THAT DEFENDANT VIOLATED A LAW, HE MUST SPECIFICALLY REFER TO THAT LAW.

The Court notes that Plaintiff has filed a number of cases in the District of Vermont that are, like this case, almost completely indecipherable, unsupported by any cognizable legal theory, and aimed at parties not amenable to suit.  Filing numerous frivolous complaints that lack any support in law or fact drains the resources of the Court and

undermines the efficient administration of justice. A court may prohibit an individual from filing new actions in the venue where he or she "abuse[s] the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or repetitive [filings.]" In re Hartford Textile Corp., 659 F.2d 299, 305 (2d Cir. 1981). In light of his filing of groundless lawsuits, Plaintiff is warned that future frivolous filings in this District may result in a filing injunction.

**IT IS SO ORDERED.**

**Dated:** May 5, 2023

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge